## UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| CURIA GLOBAL INC.; CURIA WISCONSIN, INC.; CURIA NEW JERSEY, LLC; CURIA NEW YORK, INC; CURIA INDIANA, LLC; CURIA MASSACHUSETTS, INC; CURIA MISSOURI, INC.; CURIA NEW MEXICO, LLC; CURIA BIO, INC.; CURIA BIO CALIFORNIA, INC., | : : : : : : : | Court No. 22-00247 |
| *Plaintiffs*, | : | |
| v. | : | |
| UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATE TRADE REPRESENTATIVE; KATHERINE TAI, in her official capacity as U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and CHRIS MAGNUS, in his official capacity as COMMISSIONER OF U.S. CUSTOMS & BORDER PROTECTION, | : : : : : : : : : | |
| *Defendants*. | : | |

### PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs Curia Global Inc., Curia Wisconsin, Inc., Curia New York, Inc., Curia Indiana, LLC, Curia Massachusetts, Inc., Curia Missouri, Inc., Curia New Mexico, LLC, Curia Bio, Inc., and Curia Bio California, Inc. (collectively, "Plaintiffs"), through their attorneys, Nixon Peabody LLP, respectfully move for leave to amend their complaint pursuant to United States Court of International Trade Rules 15(a) and 21. The purpose of this amendment is to remove Plaintiff Curia Wisconsin, Inc. from the above-captioned litigation. In support of their motion, Plaintiffs submit their list of amendments to the Complaint, their Amended Complaint, and their Redline of the Amended Complaint against the Complaint, which are attached as Exhibits 1, 2, and 3.

**ARGUMENT**

Rule 15(a) provides that "leave [to amend the complaint] shall be freely given when justice so requires." USCIT R. 15(a). As the Supreme Court has further specified, leave to amend shall begiven freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962). The granting of a motion for leave to amend the pleadings is within the sound discretion of the court. *Intrepid. v. Pollock*, 907 F.2d 1125, 1129 (Fed. Cir. 1990). Furthermore, under Rule 21, the parties or this Court may add or remove a party subject to the liberal standards in Rule 15(a). *See AD HOC Utilities Grp. v. United States,* 33 C.I.T. 1284, 1296 n. 20 (2009) (quoting *Insituform Techs., Inc. v. CAT Contracting, Inc.,* 385 F.3d 1360, 1372 (Fed. Cir. 2004)).

Absent any dilatory motive, undue cause for delay, repeated failures to cure deficiencies by amendments, futility of amendment, or undue prejudice to the opposing party, leave to amend should be liberally given. *Forman*, 371 U.S. at 182. In exercising its discretion, the court will consider a variety of factors including, but not limited to, "1) the timeliness of the motion to amend the pleadings; 2) the potential prejudice to the opposing party; 3) whether additional discovery will be necessary; 4) the procedural posture of the litigation; 5) whether the omitted counterclaim is compulsory; 6) the impact on the court's docket; and 7) the public interest." *Tomoegawa (U.S.A.), Inc. v. United States*, 15 CIT 182, 186, 763 F. Supp. 614 (1991) (citing *Budd Co. v. Travelers Indem. Co.,* 109 F.R.D. 561, 563 (E.D. Mich. 1986)). None of the considerations that might support denial of leave to amend are present here.

Plaintiffs wish to amend the Complaint to remove Plaintiff Curia Wisconsin, Inc. as this entity is in the process of changing ownership and no longer wishes to join in this action.

Permitting Plaintiffs to remove this entity from this action will serve to streamline this case and permit a more efficient resolution.

Moreover, the removal of this Plaintiff from the action is not sought in bad faith and will not cause unnecessary delay, prejudice, or undue burden to any of opposing party or interested person. The case is still in its early stages and the request is timely. After the original parties filed their initial pleadings, the case was stayed for resolution of all Section 301 tariff decisions by an order from the Court of International Trade which is on appeal before the Court of Appeals for the Federal Circuit. *See* Opinion and Order, *In re Section 301 Cases*, Case No. 1:21-cv-00052-3JP (Ct. Int'l Trade Mar. 17, 2023). The removal of this Plaintiff will not alter the action, as it is stayed, and will not substantially change the proceedings going forward.

Other than filing the pleadings, nothing has transpired, and the case has not yet begun substantially. There has been no discovery, and the case has not been briefed on the merits. No attorney for Defendants has even appeared in the case. There is therefore no danger that the removal of this Plaintiff will result in duplicative discovery or otherwise impose unnecessary costs on any of the current or proposed defendants.[1]

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant their Motion for Leave to Amend the Complaint.

---

[1] Plaintiffs notified Defendants of this Motion on April 18, 2024. Defendants confirmed they do not object to this motion via email on April 18, 2024.

| | |
|---|---|
| Dated: April 29, 2024<br>Washington, DC | Respectfully submitted,<br><br>By: */s/ John R. Sandweg*_____<br>John R. Sandweg<br>NIXON PEABODY LLP<br>799 Ninth Street, NW, Suite 500<br>Washington, D.C. 20001-4501<br>(202) 585-8819<br>jsandweg@nixonpeabody.com<br><br>*Attorneys for Plaintiffs* |

## **PROOF OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document and its accompanying exhibit was filed electronically on April 29, 2024 and thereby delivered by electronic means to all registered participants.

*/s/ John R. Sandweg*
John R. Sandweg

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CURIA GLOBAL INC.; CURIA WISCONSIN, INC.; CURIA NEW JERSEY, LLC; CURIA NEW YORK, INC; CURIA INDIANA, LLC; CURIA MASSACHUSETTS, INC; CURIA MISSOURI, INC.; CURIA NEW MEXICO, LLC; CURIA BIO, INC.; CURIA BIO CALIFORNIA, INC., <br><br>  *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATE TRADE REPRESENTATIVE; KATHERINE TAI, in her official capacity as U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and CHRIS MAGNUS, in his official capacity as COMMISSIONER OF U.S. CUSTOMS & BORDER PROTECTION, <br><br>  *Defendants*. | Court No. 22-00247 |

### **[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Motion for Leave to Amend the Complaint in the above-captioned matter and all other papers and proceedings herein, it is hereby ORDERED that Plaintiffs' Motion for Leave to Amend is GRANTED.

SO ORDERED.

_____
Judge

Dated: _____, 2024
   New York, New York

6